IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON ROBERT TWELLS,

        Plaintiff,                  No. CIV S-10-2664 GGH P

    vs.

PUBLIC DEFENDER AGENCY, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names as defendants the Public Defender Agency and his appointed counsel in a criminal action, James Askew. He alleges that Askew lied to the judge at a hearing about the district attorney's offer of a plea bargain to plaintiff; that Askew made unauthorized disclosures of information protected by the attorney-client privilege; and that Askew made sexual advances toward plaintiff during a client visit. As a remedy, plaintiff seeks an order appointing new counsel to defend him in his criminal case and $50,000 in damages for violations of his civil rights. (Complaint at 3.)

These allegations are not colorable under § 1983, as neither of the two named defendants are proper parties to such an action. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the Office of the Public Defender (i.e., Public Defender Agency) has not consented to suit. Thus, plaintiff's claims against the Public Defender Agency are frivolous and must be dismissed.

Nor is attorney Askew a proper defendant under § 1983. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The Supreme Court has determined that a public defender does not act on behalf of the state when performing his role as counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor subject to suit under § 1983 because his function is to represent client's interests, not those of state or county).

Moreover, "legal malpractice" is not a proper basis for an action brought pursuant to § 1983. (Complaint at 4.) If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

4

1  original complaint, each claim and the involvement of each defendant must be sufficiently
2  alleged.
3        In accordance with the above, IT IS HEREBY ORDERED that:
4        1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6  The fee shall be collected and paid in accordance with this court's order to the Sheriff of Shasta
7  County filed concurrently herewith.
8        3. The complaint is dismissed for the reasons discussed above, with leave to file
9  an amended complaint within twenty-eight days from the date of service of this order. Failure to
10 file an amended complaint will result in a recommendation that the action be dismissed.
11 DATED: October 21, 2010

                                        /s/ Gregory G. Hollows
                                        _____
                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:0014
twel2664.bnf